# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN K. RICHARDSON, | CV F  05 -777 AWI  NEW (DLB) P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO DISMISS (Doc. 23.) |
| C/O J. SHERRITT, | |
| Defendants. / | |

Bryan K. Richardson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's original complaint filed on June 15, 2005, against Defendant Correctional Officer J. Sherritt for excessive force, in violation of the Eighth Amendment.  On February 14, 2007, Defendant filed a Motion to Dismiss the action on the grounds that Plaintiff failed to exhaust his administrative remedies.  Plaintiff filed an Opposition to the Motion on March 2,2007.  On March 9,2007, Defendant filed a Reply to the Opposition.

**A. SUMMARY OF COMPLAINT**

Plaintiff alleges that Defendant Sherritt used excessive force on him in violation of his Eighth Amendment rights.  Specifically, Plaintiff alleged that he was assaulted and battered by use of OC pepper spray on February 15, 2004.  Plaintiff states that on February 15, 2004, he had an anxiety attack which caused him to defecate on himself and on the tiers of both "B" and "C" sections.  Plaintiff then pushed the defecated matter out onto both tiers.  (Complaint at 3.)

1

1  Plaintiff states that Defendant Sherritt was assigned to clean up the defecated matter and was
2  angry and mad at Plaintiff for having done what he had done.  Plaintiff states that Defendant then
3  retaliated against him by emptying a full can of pepper spray into Plaintiff's cell.  Plaintiff states
4  that he tried to shield himself from the spray but could not because he was naked and under
5  management/psych care.  Plaintiff concedes that he was banging and kicking on the inside of his
6  cell door but it was because he is medically and mentally unbalanced and thus, his behavior was
7  normal.  Id. at 4.

**B. ANALYSIS**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and requires prisoners to complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated,[1] Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5).  "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," id. at 2382.  Finally, exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

---

[1] The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1.  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).

1    The California Department of Corrections has an administrative grievance system for
2 prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the
3 department's jurisdiction may appeal any departmental decision, action, condition, or policy
4 which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at
5 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level,
6 second formal level, and third formal level, also known as the "Director's Level." Cal. Code
7 Regs. tit 15, § 3084.5 (2004).
8    Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
9 defense under which defendants have the burden of raising and proving the absence of
10 exhaustion. Wyatt, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies
11 that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a
12 summary judgment motion. Id. (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union,
13 837 F.2d 365, 368 (9th Cir. 1998) (*per curiam*)). In deciding a motion to dismiss for failure to
14 exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed
15 issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to
16 exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.
17    In this case, Defendant asserts that Plaintiff failed to exhaust his administrative remedies
18 prior to initiating this suit because he did not grieve his allegations against the Defendant to any
19 level beyond the first level. In support, Defendant provides the Court with the declarations of N.
20 Grannis, Chief of the Inmate Appeals Branch, and K. Sampson, Appeals Coordinator at
21 California Correctional Institution ("CCI:) at Tehachapi, California.
22    Plaintiff was issued a Rules Violation Report ("RVR") as a result of the defecating
23 incident that took place on February 15, 2004.[2] (Compl. at 11; Exh. D, Opposition.) Plaintiff did
24 not directly appeal the ruling but did file an inmate grievance on April 12, 2004,[3] in which he
25 complained that the "stacking" of Rules Violation Reports. Plaintiff complained specifically that

---

[2] 4ASH-04/02-0034 issued March 17, 2004. (Compl. at 11; Exh. D, Opposition.)

[3] The inmate appeal is signed by Plaintiff on April 12,2004, but is marked received by inmate appeals on April 15, 2004. (Sampson Decl., at ¶ 6.)

3

an incident that happened earlier that day regarding Plaintiff's refusal to give up his meal tray and the defecating incident were one continuous incident and therefore, should have resulted in only been given one RVR. (Compl. a 13; Sampson Decl. at ¶ 6.) Plaintiff's inmate appeal at the informal level was granted on April 14, 2004, and one of the RVR's was dismissed. Id.  Plaintiff remained dissatisfied and appealed to the first Formal level requesting that *all* RVR's concerning the incidents that took place on February 15, 2004, be dismissed in the interests of justice. Id. Plaintiff's appeal at the first formal level was denied on June 9, 2004.[4]  (Compl. at 14; Sampson Decl. at ¶ 6.) According to Mr. Sampson, CCI's inmate appeal records, Plaintiff did not further appeal the denial to the second level.  Id.

      N. Grannis, Chief of the Inmate Appeals Branch, provides that a search of the inmate appeals submitted at the third or "Director's" level indicates that Plaintiff did not file an inmate appeal concerning the allegations of excessive force by Defendant Sherritt on February 15, 2004. (Grannis Decl., at ¶ 9.)  The Court finds that Defendant has met his burden as the party moving for dismissal on exhaustion grounds.  The burden now shifts to Plaintiff to demonstrate that exhaustion occurred or that an exception exists. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

      Plaintiff filed his Opposition on March 2, 2007, which asserts that Plaintiff has exhausted his administrative remedies but that Defendant has gone back into Plaintiff's files and "'purged' and or threw away any evidence of Plaintiff ever having filed his grievance appeals to this issue." (Opposition at 2.)  In support of this allegation, Plaintiff cites to Exhibits A, B, and C of his Opposition.  The Court has examined these exhibits which consist of letters to Plaintiff from Deputy Public Defender David L. Kelly.  The letter concern the habeas corpus actions Plaintiff filed in the Kern County Superior Court and the Fifth District Court of Appeal.  The letters indicate that Mr. Kelly sifted through certain documents contained in Plaintiff's medical and C-file and that some of the documents provided by Plaintiff do not match up with what he found in Plaintiff's prison files.  While the information provided by Mr. Kelly is unsettling, these

---

[4]This document is dated May 9, 2004, at the top but it was signed by a Correctional Sergeant and Facility Captain on June 9, 2004. (Compl. at 14.)

documents do not demonstrate that Plaintiff exhausted his administrative remedies with regard to his excessive force claim against Defendant Sherritt.

First, the evidence provided by Defendant was taken from the prison's institutional files and not Plaintiff's C-file or medical files. As stated above, both Mr. Sampson and Grannis state in their declarations that the information provided came from information in the prison's computer database tracking all inmate appeals. (Grannis Decl., at ¶7; Sampson Decl. at 2.) Thus, the fact that some of the documents Plaintiff had in his possession did not match documents in his "C" or medical files is not evidence that Plaintiff exhausted his administrative remedies. Nor is it evidence of an exception to the rule of exhaustion. Despite Plaintiff's contention that his files were tampered with such that the computer files would not reflect all of Plaintiff's grievances, Plaintiff fails to provide evidence that he did, in fact, grieve his allegations to the second level or the Director's level at the institution.

As stated above, the evidence before the Court shows only that Plaintiff filed an informal grievance and an appeal at the first formal level. Plaintiff did not, however, pursue his administrative grievance with regard to his excessive force claim against Defendant Sherritt at any further level. As stated by the Supreme Court, proper exhaustion requires compliance with an agency's deadlines and other critical procedural rules. This includes using all steps that the agency provides so that it addresses the issues on the merits. Woodford v. Ngo, 126 S.Ct. 2378, 2385-86 (2006). Plaintiff's failure to grieve his complaint at each level in the administrative process warrants dismissal of the instant action.

**C. RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Motion to Dismiss be GRANTED and the case DISMISSED for Plaintiff's failure to exhaust administrative remedies.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the

1  Court and serve a copy on all parties.  Such a document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
3  and filed within TEN (10) court days (plus three days if served by mail) after service of the
4  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
5  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
6  may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153
7  (9th Cir. 1991).

9      IT IS SO ORDERED.
10     Dated:   **April 10, 2007**          /s/ **Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE